UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANIERE WRIGHT,

    Plaintiff,
v.                                       Case No. 8:11-cv-1666-T-33MAP

EXXELOT CORPORATION and
RYLA TELESERVICES, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Exxelot Corporation's response (Doc. ## 38,40-41) to the Court's January 5, 2012, Order granting the motion to withdraw as attorney (Doc. # 34). For the reasons that follow, the Court will allow Exxelot until and including March 7, 2012, in which to hire substitute counsel. Failing which, this Court will entertain an appropriate motion to strike Exxelot's pleadings, subjecting Exxelot to default judgment.

## **Discussion**

On June 28, 2011, Plaintiff filed a complaint in state court against Defendants Exxelot Corporation and Ryla Teleservices, Inc., alleging violations of the Fair Labor Standards Act. (Doc. # 1). The case was removed to this Court on July 27, 2011. (Id.). Exxelot was represented by counsel until January 5, 2012, when this Court granted the unopposed

motion to withdraw filed by Exxelot's former counsel. (Doc. ## 33-34). The Court's Order warned that because Exxelot is a corporation "it cannot represent itself in this action and must be represented by an attorney admitted to practice before this Court." (Doc. # 34 at ¶ 3). The Court ruled that "Exxelot Corporation shall retain new counsel who shall file a notice of appearance in this action on or before February 6, 2012." (Id. at ¶ 4).

On or about January 26, 2012, Sherry L. Offord, President and CEO of Exxelot, filed three copies of a letter dated January 23, 2012, in response to the Order. (Doc. # 38, 40-41). The letter states that Exxelot is unable to afford any further legal services and cannot comply with the Court's Order to retain new counsel by February 6, 2012. A review of the record shows that no new notice of appearance has been filed in this action on behalf of Exxelot.

Pursuant to Middle District of Florida Local Rule 2.03(e), "A corporation may appear and be heard only through counsel admitted to practice in the Court." Further, a long line of cases maintains that corporations may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only

2

through agents, cannot appear *pro se*, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010)("A corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008)("*Pro se* litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits.")(internal citations omitted).

Notwithstanding the cases cited above, the Court acknowledges that the parties are, of course, always free to resolve their dispute without legal representation through alternative means outside the Court's province. However, if Exxelot intends to continue to litigate in this Court, it must have legal representation. In the interests of fairness, the Court will allow Exxelot until and including March 7, 2012, to hire an attorney. However, if a notice of appearance of counsel is not filed on behalf of Exxelot by or on March 7, 2012, Exxelot's answer and affirmative defenses filed on August 3, 2011, will be subject to being stricken upon the filing of an appropriate motion. Thereafter, Exxelot will be poised for the entry of default against it.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Exxelot Corporation has until and including March 7, 2012, to retain new counsel. Absent a notice of appearance of counsel filed on behalf of Exxelot by March 7, 2012, this Court will entertain an appropriate motion to strike Exxelot's pleadings. Thereafter, Exxelot will be poised for the entry of default against it.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

          Exxelot Corporation
          c/o Sherry L. Offord
          5831 Brandons Way
          Elkridge, Maryland 21075